UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**FIRST PREMIUM INSURANCE GROUP, INC.**

**VERSUS**

**LIGHTHOUSE MGA, L.L.C.**

**CIVIL ACTION**

**No. 11-613**

**SECTION I**

## ORDER AND REASONS

Before the Court is a motion[1] to remand filed on behalf of plaintiff, First Premium Insurance Group, Inc. ("First Premium"). Defendant, Lighthouse MGA, LLC ("Lighthouse"), opposes this motion.[2] For the following reasons, the motion is **GRANTED**.

### *BACKGROUND*

This case arises out of a Marketing Services Contract (the "Agreement") signed by First Premium and Lighthouse in 2009. The seven-page contract includes a forum-selection clause, entitled "GOVERNING LAW – SUBMISSION TO JURISDICTION" which states:

> The agreement shall be governed by and interpreted in accordance with the laws of the State of Louisiana without reference to principles of conflicts of law. [Lighthouse] irrevocably and unconditionally submits in any legal action or proceeding relating to this agreement or for recognition of any judgment in respect thereof, to the exclusive jurisdiction of the 22nd Judicial District Court, Parish of St. Tammany, State of Louisiana.[3]

On December 28, 2010, Lighthouse filed a petition in this Court seeking a declaratory judgment that First Premium breached the Agreement by failing to provide services as promised

---
[1] R. Doc. No. 6.
[2] R. Doc. No. 12.
[3] R. Doc. No. 1-1, p.10.

1

and that Lighthouse has no further obligations to defendant under the contract. Lighthouse MGA, L.L.C. v. First Premium Insurance Group, Inc., Civ. No. 2:10-cv-4635, R. Doc. No. 1.  First Premium filed a motion to dismiss claiming that the enforceable forum-selection clause did not permit Lighthouse to bring its lawsuit in this Court.  The Court granted First Premium's motion and the case was dismissed on March 14, 2011.

On February 16, 2011, First Premium filed a petition in the 22nd Judicial District Court, St. Tammany Parish, Louisiana seeking declaratory judgment that it did not breach the Agreement and that Lighthouse is bound to pay First Premium a fee agreed upon in the Agreement.  On March 17, 2011, Lighthouse removed the case to this Court.[4]  First Premium now moves to remand the case pursuant to the forum selection clause of the Agreement.

## *LAW AND ANALYSIS*

A district court must remand a case to state court if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).  The removal statute is strictly construed. See Robin Pipeline Co. v. New Medico Head Clinic Facility, No. 94-1450, 1995 U.S. Dist. LEXIS 12013, at *2 (E.D. La. Aug. 14, 1995) (Clement, J.) (quoting York v. Horizon Fed. Sav. & Loan Ass'n, 712 F.Supp. 85, 87 (E.D.La.1989) (Feldman, J.)).  When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of proof. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921); Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., 99 F.3d 746, 751 (5th Cir. 1996).  Doubts concerning removal are to be construed against removal and in favor of remand to state court. Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted).

---

[4] R. Doc. No. 1.

This Court has previously ruled that the forum selection clause is enforceable and that the Court lacks jurisdiction with respect to any legal action or proceeding relating to the Agreement. <u>Lighthouse</u>, Civ. No. 10-4635, R. Doc. No. 19.  In doing so, the Court considered and rejected the very same arguments Lighthouse now makes in its opposition.  For the reasons set forth in this Court's previous order, the Court finds that Lighthouse has failed to sustain its burden of proving that this Court has jurisdiction over claims relating to the Agreement.

Accordingly,

**IT IS ORDERED** that plaintiff's motion to remand is **GRANTED** and that this cause of action is **REMANDED** to the 22nd Judicial District Court, St. Tammany Parish, State of Louisiana.

New Orleans, Louisiana, May 18, 2011.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**